CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 03, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER L. COMPTON, JR., | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:26-cv-00214 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| L.S. CREWS, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Roger L. Compton, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (*See* Compl., Dkt. No. 1; Am. Compl., Dkt. No. 7.)  This matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes Compton's complaint must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Compton alleges that he is currently at the Lynchburg Adult Detention Center.  He has sued a county deputy sheriff, a Commonwealth Attorney, a judge, and his criminal defense

attorney. Compton alleges that Deputy Crews issued an arrest warrant against him for assault and strangulation. Plaintiff was alleged to have hit and strangled someone, but plaintiff claims that the victim's injuries were due to a seizure. Compton claims that he is innocent and is wrongfully detained. Compton was told that he is "staying here the entire 3 yrs 10 months." (Am. Compl. 6.) He asks for $200 a day from July 11, 2025, to his release, in addition to $200,000 for pain and suffering. Compton also requests that the defendants be disbarred and terminated from their positions. (*Id.* at 8.)

To the extent that Compton is seeking his release from prison, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (summarizing the distinctions between § 1983 and habeas actions). Further, under *Heck v. Humphrey*, 512 U.S. 477 (1994), Compton cannot obtain damages without first proving that his "conviction or sentence has already been invalidated." *Id.* at 487.

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: June 3, 2026.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

2